**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

                                            **Case No: 6:11-bk-19367**
In Re:                                      **Chapter 11 Case**

TATERAM DINANATH
INDRANI MANBAHAL

             Debtor.
_____/


# DEBTOR'S AMENDED PLAN OF REORGANIZATION

The Debtors, Tateram Dinanath and Indrani Manbahal, are individuals. All of the funding of the Plan of Reorganization shall come from the earnings of the debtors after the commencement of the case and future income as is necessary for the execution of the plan. The Debtors hereby submit the following Plan of Reorganization.

# DEFINITIONS

The following terms, when used in the Plan, shall have the following meanings unless the context otherwise requires.

**Administrative Claim** means any right to payment constituting a cost or expense of administration allowed under Sections 503(b), 507(a)(1) or 1114(e) of the Bankruptcy Code, including without limitation, any actual and necessary costs and expenses of preserving the Estate, any indebtedness or obligations incurred or assumed by the Debtors, as debtors in possession, during the Case, any Allowed Claim that is entitled to be treated as an Administrative Claim pursuant to a Final Order of the Court under Section 546(c)(2)(A) of the Bankruptcy Code, any allowances of compensation and reimbursement of expenses to the extent allowed by Final Order under Sections 330 or 503 of the Bankruptcy Code, and any fees or charges assessed against the Estate under Section 1930 of Chapter 123 of Title 28 of the Untied States Code.

**Allowed Claim** shall mean a Claim: (a) with respect to which a proof of Claim has been filed with the Court in accordance with the provisions of Section 501 of the Code and Rule 3001 and within any applicable period of limitation fixed by Rule 3003 or any Order of the Court; (b) deemed filed pursuant to Section 1111(a) of the Code by virtue of such Claim having been scheduled in the list of Creditors prepared and filed by Debtor with the Court, pursuant to Section 521(1) and Rule 1007(b), and not listed as disputed, contingent or unliquidated; or (c) deemed an Allowed Claim pursuant to the provisions of the Plan or any Order of the Court. Unless otherwise provided in the Plan or unless

deemed or adjudicated an Allowed Claim, pursuant to the provisions of the Plan or any Order of the Court, an Allowed Claim shall not include any Claim as to which an objection to or proceeding challenging the allowance thereof has been interposed within any applicable period of limitation fixed pursuant to the Plan, by Rule 3003, or any Order of the Court, until such objection or proceeding has been overruled, dismissed, or settled by entry of a Final Order. Notwithstanding the filing of any such objection or the commencement of any such proceeding, a Claim may be temporarily allowed for voting purposes pursuant to the provisions of Rule 3018(a). Unless otherwise specified in the Plan or any Order of the Court, an Allowed Claim shall not include or accrue interest on the amount of such Claim maturing, incurred otherwise, or arising subsequent to the Petition Date.

**Allowed Priority Claim** means a Priority Claim to the extent such Priority Claim is or has become an Allowed Claim.

**Allowed Priority Tax Claim** shall mean a Priority Claim, pursuant to Code section 507(a)(8), to the extent such Priority Claim is or becomes an Allowed Claim.

**Allowed Secured Claim** means a Secured Claim to the extent such Secured Claim is or becomes an Allowed Claim.

**Allowed Unsecured Claim** means an Unsecured Claim to the extent such Unsecured Claim is or becomes an Allowed Claim.

**Ballot** means the form distributed to each person holding a claim in a Class, on which is to be indicated the acceptance or rejection of the Plan.

**Bankruptcy Code** means Title 11 of the United States Code, as amended from time to time, as applicable to the Case.

**Bar Date** means the date fixed by order of the Court as the last date for the filing of Claims in the Case.

**Case** means the Chapter 11 bankruptcy case of Tateram Dinanath and Indrani Manbahal, Debtors, Case No. 6:11-bk-19367-ABB, now pending before the Court and in which this Plan is
proposed.

**Cash** means cash, whether in currency, negotiable instruments, documents of title, securities, deposit accounts, or other cash equivalents.

**Claim** means a claim as defined in Section 101(5) of the Bankruptcy Code as against the Estate.

**Class** means any group of Claims or Interests classified by the Plan pursuant to Section 1123(a)(1) of the Bankruptcy Code.

**Confirmation** means the process leading to and including the entry of the Confirmation Order pursuant to Section 1129 of the Bankruptcy Code.

**Confirmation Hearing** means the hearing at which the Court considers confirmation of the Plan.

**Confirmation Order** means the order entered by the Court confirming the Plan in accordance with Section 1129 of the Bankruptcy Code.

**Court** means the United States Bankruptcy Court for the Middle District of Florida, Orlando Division, in which the Case is pending and any Court having competent jurisdiction to hear appeals therefrom.

**Debtor or Debtor in Possession** means Tateram Dinanath and Indrani Manbahal.

**Disclosure Statement** means the Disclosure Statement approved for distribution by the Court pursuant to Section 1125 of the Bankruptcy Code together, with any amendments supplements, or modifications thereto.

**Disputed Claim** shall mean any Claim (other than a Disallowed Claim) that has not been Allowed as to which: (a) a Proof of Claim has been filed with the Bankruptcy Court or is deemed filed under applicable law or order of the Bankruptcy Court; and (b) an objection has been or may be timely filed or deemed filed under applicable law and any such objection has not been: (i) withdrawn; (ii) overruled by an order of the Bankruptcy Court; or (iii) sustained by an order of the Bankruptcy Court.  In addition to the foregoing, a Disputed Claim will also mean a Claim that has not been Allowed, whether or not an objection has been, or may be, timely filed, if: (a) the amount of the Claim specified in the Proof of Claim exceeds the amount of any corresponding Claim scheduled in the Schedules; (b) the classification of the Claim specified in the Proof of Claim differs from the classification of any corresponding Claim scheduled in the Schedules; (c) any corresponding Claim has been scheduled in the Schedules as disputed, contingent, or unliquidated; (d) no corresponding Claim has been scheduled in the Schedules; or (e) such Claim is reflected as unliquidated or contingent in the Proof of Claim filed in respect thereof. To the extent an objection relates to the allowance of only a part of a Claim, such Claim will be a Disputed Claim only to the extent of the objection. To the extent that the amount of the Claim specified in the Proof of Claim exceeds the amount of any corresponding Claim scheduled in the Schedules, such Claim will be a Disputed Claim only to the extent of the amount specified in the Proof of Claim which is in excess of the amount of the Claim as scheduled.

**Distribution** means a distribution to a holder of an Allowed Claim under the Plan.

**Effective Date** means the date on which the Order entered by the Bankruptcy Court confirming the Plan becomes final and non-appealable.

**Estate** means the estate created with respect to this Case pursuant to Section 541 of the Bankruptcy Code.

**Final Order** means an order or judgment of the Court which is no longer subject to appeal or certiorari proceedings and as to which no appeal or certiorari proceeding is pending.

**Holder** shall mean: (a) as to any Claim: (i) the owner or holder of such Claim as such is reflected on the Proof of Claim filed in respect to such Claim; or (ii) if no Proof of Claim has been filed, the owner or holder of such Claim as shown on the Schedules or books and records of the Debtor or as otherwise provided in the Plan or determined by Order of the Court; or (iii) if the owner or holder of such Claim has transferred the Claim and advised the Debtor, in writing of such transfer, the transferee; and (b) as to any Equity Interest, the record owner or holder of such Equity Interest.

**Impaired Class** means any Class the members of which are holders of Claims or Interests which are impaired within the meaning of Section 1124 of the Bankruptcy Code.

**Interest** shall mean "simple interest" and not compounded interest.

**Lien** means any mortgage, lien, charge, security interest, encumbrance or other security device of any kind upon the Debtor's interest in any Property of the Estate, and which was perfected or is deemed perfected pursuant to the terms of the Plan and is superior to the lien of a hypothetical judgment lien creditor existing at the time of commencement of the Case.

**Petition Date** means September 25, 2009, the date on which Debtor filed his voluntary petition for relief under Chapter 11 of the Bankruptcy Code commencing the Case.

**Plan** means this Debtor's Plan of Reorganization, as amended, modified or supplemented in accordance with the terms hereof or in accordance with the Bankruptcy Code.

**Pre-petition** means the period of time preceding the Petition Date and concluding on the Petition Date.

**Priority Claim** means a Claim other than an Administrative Claim or a Tax Claim to the extent such Claim is entitled to priority in payment under Section 507 of the Bankruptcy Code.

**Secured Claim** means a Claim secured by a Lien to the extent of the value of such Lien as determined by an Order of the Bankruptcy Court pursuant to Section 506 of the Bankruptcy Code, or as agreed to between the Debtors and the holder of such Claim, or as deemed allowed pursuant to the Plan.

**Tax Claim** means a Claim for taxes owing to a governmental entity, or the holder of a certificate for the payment of taxes owing to a governmental entity, and which is entitled to priority under Section 507(a)(8) of the Bankruptcy Code.

**Unimpaired Class** means any Class the members of which are the holders of Claims or Interests which are not impaired within the meaning of Section 1124 of the Bankruptcy Code.

**Unsecured Claim** means a Claim which arose or is deemed to have arisen prior to the Petition Date and which is not a Secured Claim, a Priority Claim, or an Administrative Claim, including without limitation any Claim arising from the rejection of an unexpired lease or executory contract pursuant to the Plan or by separate Final Order of the Court.

## ARTICLE I

### TREATMENT AND CLASSIFICATIONS OF CLAIMS AND INTERESTS

**A.** General Rules of Classification: Generally, a Claim or Interest is classified in a particular Class only to the extent the Claim or Interest qualifies within the description of the Class, and is classified in another Class or Classes to the extent any remainder of the Claim qualifies within the description of such other Class. If a Claim qualifies for inclusion in a more specifically defined Class, then the Claim shall be included only in the more specifically defined Class. Notwithstanding anything contained herein to the contrary, if a Claim is not allowed, then the Debtor is not bound by a classification made or implied herein.

**B.** **UNIMPAIRED.** The following classes are not impaired:

**Class I – Allowed Administrative Claims**: Class I consists of claims owed to professionals, the quarterly fees to the United States Trustee's Office and the HOA fees owed to Westmoor Homeowners Association. The professional employed by the Debtor is Arvind Mahendru. Each holder of an Allowed Administrative Expense against the Debtor shall receive on account of such Claim, the amount of such holder's Allowed Expense in one cash payment on the Distribution Date or shall receive such other treatment as agreed

upon in writing by the Debtor and such holder; provided that: (i) an Administrative Expense representing a liability incurred in the ordinary course of business by the Debtor may be paid in the ordinary course of business by the Debtor; and (ii) the payment of an Allowed Administrative Expense representing a right to payment under Section 365(b)(1)(A) and Section 365(b)(1)(B) of the Bankruptcy Code may be made in one or more cash payment over a period of twelve (12) months or such other period as is determined to be appropriate by the Bankruptcy Court.  All fees to the United States Trustee's Office shall be paid when due. The Debtor shall file quarterly reports and pay quarterly fees due to the United States Trustee based on the disbursements of the Debtor for the applicable quarter pursuant to 28 U.S.C. § 1930(a)(6) until the entry of a final decree, discharge, dismissal, closure, or conversion to another chapter of the Code.  <u>The Debtors will pay Westmoor Homeowners Association $557.96 thirty days after the entry of the confirmation order.</u>

### Class II – Priority Tax Claims:

There are no priority tax claims to be paid.

C.    **IMPAIRED**.  The following Claims and Interest are impaired:

### Class III- Mortgage of Bank of America.  (413 Country Cottage, Orlando)

This Class consists of the mortgage claim of Bank of America on real property more particularly described as COBBLESTONE OF WINTER GARDEN 65/70 LOT 41 according to the plat thereof as recorded in Plat Book 9452, pages 4081 of the public records of Orange County, Florida. The Debtor values the estate's interest in the property at $175,000.00. The Debtor will pay the valuation amount of $175,000 amortized over 30 years, together with the contract interest rate of 5.0%, in equal monthly installments over

a period of 360 months from the effective date of this Plan or the date that the Court orders. The monthly payments to creditors in Class 3 will be $939.44. Class 3 is impaired by the Plan. Each holder of an allowed Class 3 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 3 Claim shall retain any lien encumbering real property of the Debtor in Possession. Any adequate protection payments and plan payments made by the Debtors shall be applied to the interest and principal balance of the secured claim.

**Class IV- Mortgage of Wells Fargo Bank.** (220 Cranfield Ct, Orlando)

This Class consists of the mortgage claim of Wells Fargo Bank on real property more particularly described as WESTMOOR PHASE 4 B 17/34 LOT 183 according to the plat thereof as recorded in Plat Book 9042, pages 1342 of the public records of Orange County, Florida. The Debtor values the estate's interest in the property at $88,000.00. The Debtor will pay the valuation amount of $88,000 as a re-amortized first mortgage, together with interest at the rate of 5.0%, in equal monthly installments over a period of 360 months commencing thirty days after plan confirmation. The monthly payments to creditors in Class 4 will be $472.40. The Debtors will maintain an escrow account with the lender and make monthly payments towards the escrow. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Orange County, Florida. Class 4 is impaired by the Plan. Each holder of an allowed Class 4 claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 4 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**Class V- Mortgage of Onewest Bank** (132 Sandpiper Ridge, Orlando)

This Class consists of the mortgage claim of Onewest Bank on real property more particularly described as WESTMOOR PHASE 4 B 17/34 LOT 160 according to the plat thereof as recorded in Plat Book 9152, pages 3899 of the public records of Orange County, Florida. The Debtor values the estate's interest in the property at $88,000.00. The Debtor will pay the valuation amount of $88,000 as a re-amortized first mortgage, together with interest at the rate of 5.25%, in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders. The monthly payments to creditors in Class 5 will be $485.94. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Orange County, Florida. Class 5 is impaired by the Plan. Each holder of an allowed Class 5 Claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 5 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**Class VI- Mortgage of Onewest Bank**  (214 Cranfield Ct, Orlando)

This Class consists of the mortgage claim of Onewest Bank on real property more particularly described as WESTMOOR PHASE 4 B 17/34 LOT 182 according to the plat thereof as recorded in Plat Book 17, pages 34-36 of the public records of Orange County, Florida. The Debtor values the estate's interest in the property at $83,000.00. The Debtor will pay the valuation amount of $83,000 as a re-amortized first mortgage, together with interest at the rate of 5.25% in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders. The monthly payments to creditors of Class 6 will be $458.33.  The Debtor in Possession and

mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Orange County, Florida. Class 6 is impaired by the Plan. Each holder of an allowed Class 6 Claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 6 Claim shall retain any lien encumbering real property of the Debtor in Possession.

### Class VII- Mortgage of Wells Fargo Bank (7743 Pengrove Pass, Orlando)

This Class consists of the mortgage claim of Wells Fargo on real property more particularly described as WESTMOOR PHASE 4 A 15/109 LOT 138 according to the plat thereof as recorded in Plat Book 17, pages 34-36 of the public records of Orange County, Florida. The Debtor values the estate's interest in the property at $86,500.00. The Debtor will pay the valuation amount of $86,5000 as a re-amortized first mortgage, together with interest at the rate of 5.00% in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders. The monthly payments to creditors of Class 7 will be $464.35.  The Debtors will maintain an escrow account with the lender and make monthly payments towards the escrow. The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Orange County, Florida. Class 7 is impaired by the Plan. Each holder of an allowed Class 7 Claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 7 Claim shall retain any lien encumbering real property of the Debtor in Possession.

### Class VIII- Mortgage of US BANK  (4650 Links Village North)

This Class consists of the mortgage claim of US Bank on real property more particularly described as UNIT A703 BUILDING 2600 LINKS NORTH AT HARBOUR VILLAGE

CONDO PER OR 5033 PG 496 PER OR 5119 according to the public records of Volusia County, Florida. <u>The Debtors will surrender the real property securing the claim in full satisfaction of the debts owed. Class 8 is not impaired by the Plan. Each holder of an allowed Class 8 Claim is not entitled to vote to accept or reject the Plan.</u> Each holder of an allowed Class 8 Claim shall retain any lien encumbering real property of the Debtor in Possession.

### Class IX- Polk County Tax Collector

This Class consists of the secured claim of Polk County Tax Collector on real property located in Polk County, Florida. The Debtors are indebted to Polk County Tax Collector for unpaid real estate taxes in the amount of $6,325.75. The Debtor will pay the real estate taxes with interest at the rate of 18% in equal monthly installments over a period of 60 months from the effective date of this Plan or the date that the Court orders. The monthly payments to creditors of Class 9 will be $160.64.  Class 9 is not impaired by the Plan. Each holder of an allowed Class 9 Claim is not entitled to vote to accept or reject the Plan. Each holder of an allowed Class 9 Claim shall retain any lien encumbering real property of the Debtor in Possession.

### Class X- Lake County Tax Collector

This Class consists of the secured claim of Lake County Tax Collector on real property located in Lake County, Florida. The Debtors are indebted to Lake County Tax Collector for unpaid real estate taxes in the amount of $6,676.69. The Debtor will pay the real estate taxes with interest at the rate of 18% in equal monthly installments over a period of 60 months from the effective date of this Plan or the date that the Court orders. The monthly payments to creditors of Class 10 will be $169.55.  Class 10 is not impaired by

the Plan. Each holder of an allowed Class 10 Claim is not entitled to vote to accept or reject the Plan. Each holder of an allowed Class 10 Claim shall retain any lien encumbering real property of the Debtor in Possession.

### Class XI- Mortgage of Hancock Bank (739 Regina, Oakland)

This Class consists of the mortgage claim of Hancock Bank on real property more particularly described as JOHNS LANDING PHASE 1 44/47 LOT 88 according to the plat thereof as recorded in Plat Bok 6085, pages 4154 of the public records of Orange County, Florida. The Debtor values the estate's interest in the property at $30,000.00. The Debtor will pay the valuation amount as a re-amortized first mortgage, together with interest at the rate of 5.25% in equal monthly installments over a period of 360 months from the effective date of this Plan or the date that the Court orders. The monthly payments to creditors of Class 11 will be $165.66.  The Debtor in Possession and mortgage holder shall execute whatever documents are necessary to effect the modification of the foregoing loans in the Public Records of Orange County, Florida. Class 11 is impaired by the Plan. Each holder of an allowed Class 11 Claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 11 Claim shall retain any lien encumbering real property of the Debtor in Possession.

### Class XII- AM Cert LLC

This Class consists of the secured claim of AM Cert LLC on real property located in Polk County, Florida. The Debtors are indebted to AM Cert LLC for unpaid real estate taxes in the amount of $7,495.70. The Debtor will pay the real estate taxes with interest at the rate of 7.0% in equal monthly installments over a period of 60 months from the effective date of this Plan or the date that the Court orders. The monthly payments to creditors of Class

12 will be $148.42.  Class 12 is impaired by the Plan. Each holder of an allowed Class 12 Claim is entitled to vote to accept or reject the Plan. Each holder of an allowed Class 12 Claim shall retain any lien encumbering real property of the Debtor in Possession. In the event that the Debtors fail to make a monthly payment to Am Cert and fails to cure the default within fifteen (15) days of notice to Arvind Mahendru, Esq. via email at am@seaglelaw.com, and to Debtor's address via certified mail then Am Cert may apply for a tax deed without further Court order or relief from the automatic stay, so long as the tax certificate is more than two years old as required by Florida statute.  There is no prepayment penalty for early payment. The seven year expiration period for tax certificates under Florida Statutes section 197.482 is tolled and extended for a time period equal to the number of days from the date of the filing of the petition for relief through the conclusion of the Plan or a payment default by the Debtors, whichever occurs earlier.  Am Cert will retain its lien securing its claim until its claim has been fully paid.  The Debtors will pay any accrued post-petition interest on the claim at the rate of 7.0%.

**Class XIII- JP Morgan Chase (729 Strihal Loop, Oakland)**

This Class consists of the secured claim of JP Morgan Chase on Debtor's homestead located in Orange County, Florida. The Debtors will continue paying the monthly installment of $1,897.00 until the balance is paid in full.  Class 13 is not impaired by the Plan. Each holder of an allowed Class 13 Claim is not entitled to vote to accept or reject the Plan. Each holder of an allowed Class 13 Claim shall retain any lien encumbering real property of the Debtor in Possession.

**Class XIV – Allowed Unsecured Claims.**  The holders of such Claims shall receive on account of such Claims a Pro Rata Share of the disposable income of the Debtor.

Unsecured Claims shall receive a pro rata share equal to the sum of $18,000 paid in sixty (60) monthly installments. Class 14 will include the claims of secured creditors that were bifurcated into unsecured claims.

### Class XV- Orange County Tax Collector

This Class consists of the secured claim of Orange County Tax Collector on real property located in Orange County, Florida. The Debtors are indebted to Orange County Tax Collector for unpaid real estate taxes in the amount of $2,632.34. The Debtor will pay the real estate taxes in full within thirty days of confirmation of the Plan. Class 15 is not impaired by the Plan. Each holder of an allowed Class 15 Claim is not entitled to vote to accept or reject the Plan. Each holder of an allowed Class 15 Claim shall retain any lien encumbering real property of the Debtor in Possession.

D.    **Impairment Classification Controversies:**    If there is a controversy regarding the classifications or impairment of a Claim or Interest, then such controversy shall be determined by this Court after notice and hearing.

## ARTICLE II

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Any executory contract or unexpired lease not specifically addressed in the Plan or specifically assumed pursuant to authorization by the Court on or before the Effective Date shall be deemed rejected pursuant to Section 356 of the Code. Any party asserting a Claim pursuant to Section 365 of the Code arising from the rejection of an executory contract or lease shall file a proof of such claim within (30) days after the entry of an order confirming the Plan.

## ARTICLE III
## ACCEPTANCE OR REJECTION OF PLAN:
## EFFECT OF REJECTION BY ONE OR MORE CLASSES

  A. **Classes Entitled to Vote.** Each impaired Class of Claims or Interest shall be entitled to vote separately to accept or reject the Plan. Any unimpaired Class of Claims or Interests shall not be entitled to vote to accept or reject the Plan.

  B. **Class Acceptance Requirement.** A Class of Claims shall have accepted the Plan if it is accepted by at least two thirds in amount and more than one-half in number of the Allowed Claims of such class that had voted on the Plan. A Class of Interest shall have accepted the plan if it is accepted by at least two thirds in amount of the Allowed Interests of such Class that had voted on the Plan. If any ballot is executed and timely filed by the holder of an Allowed Claim or Interest but does not indicate acceptance or rejection of the Plan, then the ballot shall be deemed to be an acceptance.

  C. **Cramdown.** If any impaired Class of Claims or Interest shall fail to accept the Plan in accordance with Bankruptcy Code Section 1129(a), then the Debtor reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with Bankruptcy Code Section 1129(b).

## ARTICLE IV
## IMPLENTATION OF THE PLAN

The Debtor's income from employment and rental properties will be used to fund the Plan. The Debtor is self-employed and earns approximately $4,500 a month.

## ARTICLE V
## DISCHARGE OF THE DEBTOR

**Discharge.** Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or

as otherwise provided in Section 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under Section 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedures.

### ARTICLE VI
### GENERAL PROVISIONS

1. Upon confirmation, the Debtor shall be re-vested with his assets and entitled to manage his business without further order of the Court.

2. The payments, distributions and other treatments provided in respect of each allowed claim in this Plan shall be in complete satisfaction, discharge and release of each allowed claim.

3. Except as specifically retained hereunder, all liens upon the Debtor's real and personal property are extinguished and canceled upon the date of confirmation.

4. The Debtor shall act as disbursing agent in connection with the receipt and distribution of funds called for under the terms of the Plan.

5. If any objection is made to the allowance of the claim of any creditor or to its classification and such objection or opposition is pending on the date that payment or distribution is due, payment shall be deferred until an order determining the validity and amount of disputed claims and/or classification are entered and no longer subject to review or appeal. Whereupon the amount due creditors, without interest thereon shall be paid.

6. No payment or disbursement shall be made on account of allowance of compensation or any other payment provided for in this Plan until an Order allowing or directing same becomes final in all respects and is no longer subject to review or appeal. Whereupon the payments and distributions to such person, without interest thereon, shall be made; provided however, that an appeal or an Order inter alia allowing compensation to one

person shall not affect payments or distributions to another allowed compensation there under if no appeal is taken from such order insofar as same relates to the second person.

7. In the event the holder of a claim cannot be located by the Debtor for distribution hereunder after reasonable effort, such holder of a claim shall, within one year of the distribution date, make its whereabouts known to the Debtor; otherwise, any distribution to such holder shall be forfeited by the holder entitled thereto and retained by the Debtor and canceled.

8. The Debtor may propose amendments or modifications to this Plan at any time prior to confirmation. After confirmation, the Debtor may with the approval of the Court, and without notice to all creditors so long as it does not materially or adversely affect the interests of creditors or the estate, remedy and defect or omission or reconcile any inconsistencies in the Plan or in the Order of Confirmation in such manner as may be necessary to carry out the provisions and intent of this Plan.

9. The Debtor may file an injunction in case in which a creditor attempts to collect a claim not in accordance with the terms of this Plan of reorganization.

## ARTICLE VII
## JURISDICTION OF THE COURT

The Court shall retain jurisdiction until the case is concluded and terminated. Without limiting the generality of the foregoing, the Court will also retain jurisdiction of the case until the conclusion of the following:

1. The classification of the claim of any creditor or the re-examination for claims which have been allowed for purposes of voting and determination of such objections as may be filed by creditors claims.

2. The determination of all causes and disputes regarding title to assets of the estate and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of confirmation, between Debtor-In-Possession and any other party, including but not limited to any right of the Debtor-In-Possession to recover assets pursuant to the provisions of Title 11 of the U.S.C.; provided however, that such actions be brought with in thirty (30) days of the effective date of the order confirming the plan.

3. The enforcement of all causes of action which may exist on behalf of the Debtor-In-Possession, if brought before the entry of final decree.

4. The determination of allowance of compensation for those parties entitled to compensation in accordance with Title 11 of the United States Bankruptcy Code; provided however, that such determination is to be made within thirty (30) days of the effective date of the order confirming the Plan.

5. The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan or the Order of Confirmation as may be necessary to carry out the purpose and intent of this Plan.

6. The modification of this Plan after confirmation, pursuant to the Bankruptcy Rules and Title 11 of the Bankruptcy Code.

7. To enforce and interpret the terms and conditions of this Plan.

8. To enter any Order, including injunctive relief, to enforce the title, rights and power of the Debtor-In-Possession and to impose such limitation, restrictions, terms and conditions of such title, rights and power as the Court may deem necessary; provided

however, that any actions brought under this paragraph must be brought within thirty (30) days of the effective date of the order confirming Plan.

       9.      To enter an Order concluding and terminating this case.


/s/ Tateram Dinanath
Debtor

/s/ Indrani Manbahal
Debtor

                                                   /s/ Arvind Mahendru
                                                   Arvind Mahendru
                                                   924 W Colonial
                                                   Orlando, FL  32804
                                                   (407) 770-0100
                                                   Attorney for Debtor in Possession


## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2013, a true and correct copy of the foregoing Plan of Reorganization has been furnished by CM/ECF Electronic Mail to:

US Trustee, via ECF
Michael A. Kaufman, Esq., michael@mkaufmanpa.com
Marc G Granger, Esq., mgranger@kahaneandassociates.com
Maureen A Vitucci, Esq., mvitucci@gray-robinson.com
Stefan Beuge, Esq., FLMD.bankruptcy@phelanhallinan.com
Brian Michael Mark, Esq., bmark@marklawfirm.com
Spencer Gollahon, Esq., spencergollahon@earthlink.net
Michael J Eisler, Esq., igarat@strauseisler.com
Nicole M Mariani, Esq., bankruptcynotices@kasslaw.com

and by U.S. Mail to:

    Debtors: 729 Strihal Loop, Oakland, Florida 34787

    20 Largest Unsecured Creditors.

                                                    /s/ Arvind Mahendru
                                                   Arvind Mahendru